IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.

JENNA PISKOTHY, DARRYL CROSS,          <u>CLASS REPRESENTATION</u>
and LAUREN SEGEDIN,

     Plaintiffs,

v.

CHARTSWAP, LLC, WEST FLORIDA
– MHT, doing business as Memorial
Hospital of Tampa and/or as HCA
Florida South Tampa Hospital,
LARGO MEDICAL CENTER, INC.,
doing business as HCA Florida Largo
Hospital, and OHI WEST, INC., doing
business as Bayfront Health St.
Petersburg,

     Defendants.

_____/

## <u>NOTICE OF REMOVAL</u>

Defendants, West Florida - MHT, LLC d/b/a Memorial Hospital of Tampa

n/k/a HCA Florida South Tampa Hospital ("Memorial") and Largo Medical

Center, Inc. d/b/a HCA Florida Largo Hospital ("Largo"), pursuant to 28 U.S.C.

§§ 1332, 1441, 1446, and 1453, hereby remove the above-captioned action from

the Thirteenth Judicial Circuit in and for Hillsborough County where the action

is now pending as Case No. 24-CA-003142 the ("State Court Action"), to the

United States District Court for the Middle District of Florida. For the reasons set forth below, this Court has subject matter jurisdiction.

<u>BACKGROUND</u>

1.      On April 17, 2024, Plaintiffs, Jenna Piskothy, Darryl Cross, and Lauren Segedin (collectively "Plaintiffs") filed the State Court Action. *See* Class Action Complaint and Demand for Jury Trial ("Compl."), attached as Ex. 1.

2.      The Complaint is styled as a class action and asserts that contrary to Section 395.3025(1), Fla. Stat., Defendants Memorial, Largo, OHI WEST, INC., d/b/a Bayfront Health St. Petersburg ("Bayfront"), and ChartSwap LLC ("ChartSwap") charged patients for copies of their patient records in amounts that exceeded the "exclusive charge" provided for in the statute. Compl., ¶ 14.

3.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a defendant may file a notice of removal "within thirty days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief."

4.      Largo and Memorial were each served with the complaint in the State Court Action on April 30, 2024. Thirty days from that date is May 30, 2024.

5.      Accordingly, this Notice of Removal is timely filed.

<u>JURISDICTION</u>

6.     This Court has jurisdiction over this action under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in scattered sections of 28 U.S.C.

7.     CAFA confers federal jurisdiction over class actions where: (*i*) there is minimal diversity of citizenship between the parties; (*ii*) the proposed class contains at least 100 members; and (*iii*) the amount in controversy is at least $5 million in the aggregate. 28 U.S.C. § 1332(d)(2). Removal is authorized by 28 U.S.C. §§ 1441, 1446, & 1453.

8.     CAFA defines "class action" to include actions filed under Fed. R. Civ. P. 23 "or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9.     This is a "class action" because it is a civil action filed under a state statute or rule of judicial procedure – Florida Rule of Civil Procedure 1.220 – authorizing an action to be brought by one or more representative persons as a class action. Compl., ¶ 45.

**The Required Number of Class Members is Met**

10.     The Complaint asserts that while the number of individuals allegedly injured is unknown, Plaintiffs approximate that there are in excess of

3

forty and more likely "thousands" of individuals "who are potential class members in this action." Compl., ¶ 51.

11.     Accordingly, the jurisdictional requirement that the members of all proposed plaintiff classes in the aggregate number at least one hundred is met.  28 U.S.C. § 1332(d)(5)(b); *Lemy v. Direct Gen. Fin. Co.*, 2012 WL 13106404, at *2 (M.D. Fla. May 14, 2012) (finding jurisdictional requirement met where complaint alleged class comprises "many thousands").

## The Minimal Diversity Requirement is Met

12.     To establish minimal diversity under CAFA, "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Thus, in analyzing whether minimal diversity exists, the citizenship of each member of the proposed class is evaluated to determine whether any plaintiff is a citizen of a state different from any defendant. *Id.* § 1332(d)(1)(D), (d)(2)(A).

13.     Plaintiffs allege they are residents of Florida. Compl., ¶¶ 3 – 5.

14.     Memorial is a Florida Limited Liability Company with its principal place of business in Tennessee. *See* Ex. 2, Florida Limited Liability Company Annual Report for West Florida - MHT, LLC, filed April 28, 2024.

15.     Largo and Bayfront are alleged to be Florida corporations. Compl., ¶¶ 8 – 9.

16.   Plaintiffs allege that ChartSwap is "a foreign business entity." Compl., ¶ 6. In fact, ChartSwap is a Delaware limited liability company with its principal place of business in Texas. *See* Ex. 3, Corporate Disclosure Statement of ChartSwap, LLC.

17.   "CAFA uses a different measuring stick for the citizenship of a limited liability company than the more common statutory provision that governs diversity jurisdiction in non-CAFA cases." *See Calchi v. TopCo Assocs., LLC*, 676 F. Supp. 3d 604, 607 (N.D. Ill. 2023) (comparing 28 U.S.C. § 1332(d)(10) with 28 U.S.C. § 1332(c)(1)).

18.   Under CAFA, an LLC is a citizen of the state where it is organized and the state where it has its principal place of business, not the state or states where each of its members is a citizen. *See Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699 (4th Cir. 2010); *Griggs v. NHS Mgmt. LLC*, No. 2:22-CV-00565-RDP, 2023 WL 4190535, at *3 (N.D. Ala. June 26, 2023) (same); *JMCB, LLC v. Bd. of Com. & Indus.*, 293 F. Supp. 3d 580, 586 (M.D. La. 2017) (same); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1200 n.40 (11th Cir. 2007) ("Section 1332(d)(10) sets forth how the citizenship of unincorporated associations is treated for purposes of CAFA's jurisdictional and removal provisions . . . ."); *Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 504 n.2 (3d Cir. 2013) ("Under CAFA, suits brought by unincorporated associations are treated

like suits by corporations in that the citizenship of the association for diversity purposes is determined by the entities' principal place of business and not by the citizenship of its members (citing 28 U.S.C. § 1332(d)(10))).

19.     Thus, for CAFA purposes, ChartSwap is a citizen of Delaware (the state where it is organized) and Texas (the state where it has its principal place of business).

20.     ChartSwap is thus diverse from plaintiffs who are citizens of Florida, satisfying the requirement that "*any* member of a class of plaintiffs" be "a citizen of a State different from *any* defendant." *See* 28 U.S.C. § 1332(d)(2)(A) (emphases added).

21.     Accordingly, this action is minimally diverse under CAFA.

## The Amount in Controversy Threshold is Met

22.     Under CAFA, "the matter in controversy" must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

23.     Unlike traditional amount-in-controversy review, CAFA dictates that the claims of individual class members be aggregated: "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* § 1332(d)(6).

24.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

25.     The amount-in-controversy analysis considers the full amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. As the Eleventh Circuit has noted, "[a]ny inquiry into whether [a plaintiff] *would* actually recover these amounts is unnecessary and inappropriate. For the purposes of establishing jurisdiction, it is enough to show that he *could*." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731–32 (11th Cir. 2014) ("'[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.'") (internal citations omitted); *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315–17 (11th Cir. 2014) (noting that amount-in-controversy is "an estimate of how much will be put at issue during the litigation").[1]

---

[1] Plaintiffs' allegation that they "do not have reason to believe that the amount in controversy exceeds $5,000,000," Compl. ¶ 2, is inapposite because prior to class certification, a plaintiff may not unilaterally seek to limit the putative class's asserted damages to less than $5 million. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) ("[A] plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified.").

26.     Solely for the purpose of removal under CAFA and based on Plaintiffs' allegations alone, Plaintiffs' complaint plausibly places more than $5 million in controversy.[2]

27.     The Complaint alleges that "ChartSwap is, and at all material times, has been in the business of retrieving, duplicating, and delivering-copies of patient records as a third-party vendor on behalf of various licensed facilities throughout the State of Florida." Compl., ¶ 17.

28.     The Complaint further alleges that Memorial, Largo and Bayfront each use ChartSwap to fulfill requests for copies of patient records. Compl., ¶¶ 19, 21, and 23.

29.     In Counts I and II, Plaintiffs, on behalf of themselves and the proposed class members, seek declaratory and injunctive relief, as well as attorneys' fees and costs under Florida's Deceptive and Unfair Trade Practices Act, Section 501.201 *et seq.* ("FDUTPA"). Compl., ¶¶ 59 – 85.

30.     In Count III, also brought under FDUTPA, Plaintiffs and the proposed class members seek money damages, as well as prejudgment interest, attorneys' fees and costs. Compl., ¶¶ 86 – 97.

---

[2] Memorial and Largo unequivocally deny that Plaintiffs are entitled to any relief whatsoever.

31.     In Count IV, Plaintiffs and the proposed class members seek money damages under an unjust enrichment theory. Compl., ¶¶ 98 – 108.

32.     In pursuing these claims, Plaintiffs seek to represent a class of *all patients* of Florida-licensed hospitals who allegedly were overbilled for their patient records after being "referred" to ChartSwap over a four-year period. Compl. ¶¶ 46, 51.

33.     The Complaint alleges that "likely thousands of individuals throughout the State of Florida are potential class members." Compl., ¶ 51.

34.     According to the Florida Agency for Healthcare Administration, there are 332 licensed hospitals in the State of Florida. *See* Ex. 4, Declaration of Walter Tache, Esq. reflecting data retrieved as of May 28, 2024 from Florida Agency for Healthcare Administration website at https://quality.healthfinder.fl.gov/Facility-Provider/Hospital?&type=1.

35.     According to the Florida Hospital Association, Florida hospitals service 11 million patients yearly.[3]

36.     The named Plaintiffs allegedly were overcharged an average of $22.33 each.[4]

---

[3] Florida Hospital Association, https://www.fha.org (last visited May 29, 2024).

[4] Ms. Piskothy allegedly was overbilled by $17; Mr. Cross allegedly was overbilled by $27; and Ms. Segedin allegedly was overbilled by $23. Compl. ¶¶ 30, 36, 42. Plaintiffs allege that Ms. Piskothy was charged $30 for 12

37.    If even 0.6% of Florida patients allegedly were overcharged by an average of $22.33 over the past four years, the total amount allegedly overbilled to the class would well exceed $5 million.  Of course, if a larger percentage of patients allegedly was overbilled, the amount-in-controversy would be higher.

38.    Additionally, plaintiffs seek attorneys' fees and costs under FDUTPA, Compl. at 18, which count toward the amount-in-controversy under CAFA.  *See Reilly v. Amy's Kitchen, Inc.*, 2 F. Supp. 3d 1300, 1305 (S.D. Fla. 2014) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n. 4 (11th Cir. 2003) (explaining that attorneys' fees and costs count toward amount-in-controversy when allowed for by statute or contract)).  Thus, the unspecified attorneys' fees and costs that plaintiffs seek further add to the total amount-in-controversy in this case.

39.    In sum, Plaintiffs have plausibly placed more than $5 million in controversy.

---

pages of copies, and Exhibit 1 indicates that the request was for one year of records.  *Id*. ¶ 30.  According to paragraphs 14 and 15 of the Complaint, this would result in permissible charges of $13 ($1 for each of the 12 pages of records and $1 for the one year).  Thus, Ms. Piskothy was allegedly overcharged by $17.

**Filing with the Circuit Court of the Thirteenth Judicial Circuit
in and for Hillsborough County; Right to Amend**

40.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County and is being served on Plaintiffs.

41.    Defendants reserve the right to amend or supplement this Notice of Removal.

CONCLUSION

For the reasons set forth above, West Florida - MHT, LLC and Largo Medical Center, Inc. respectfully request that the State Court Action now pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, bearing Case No. 2024-CA-003142, be removed, and asks that this Court make and enter such further orders as may be necessary and proper.

Date: May 30, 2024

Respectfully submitted,

TACHE, BRONIS AND DESCALZO, P.A.
150 S.E. 2 Avenue, Suite 600
Miami, Florida 33131
Telephone:  (305) 537-9565
Facsimile:   (305) 537-9567

By: */s/ Walter J. Taché*
    **Walter J. Taché, Esq.**
    Florida Bar. No. 0028850

11

wtache@tachebronis.com
service@tachebronis.com
*Counsel for*
*HCA Florida South Tampa Hospital*
*HCA Florida Largo Hospital*

## CERTIFICATE OF SERVICE

I CERTIFY THAT, on this 30th day of May, 2024, the foregoing was electronically transmitted to the following:

**Scott R. Jeeves, Esq.**
THE JEEVES LAW GROUP, P.A.
954 First Avenue North
Saint Petersburg, Florida 33705
sjeeves@jeeveslawgroup.com
khill@jeeveslawgroup.com

**J. Daniel Clark, Esq.**
CLARK & MARTINO, P.A.
3407 West Kennedy Boulevard
Tampa, Florida 33609
dclark@clarkmartino.com
jliza@clarkmartino.com

**David M. Caldevilla, Esq.**
DE LA PARTE, GILBERT, MCNAMARA
& CALDEVILLA, P.A.
P.O. Box 2340
Tampa, Florida 33601
dcaldevilla@dgfirm.com
serviceclerk@dgfirm.com

*Counsel for Plaintiffs*

**Terry Young, Esq.**
LOWNDES,      DROSDICK,      DOSTER,
KANTOR & REED, P.A.
P.O. Box 2809
Orlando, Florida 32802
terry-young@lowndes-law.com
*Counsel for Ohi West, Inc.*

**Jonathan Vine, Esq.**
COLE, SCOTT & KISSANE, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Jonathan.vine@csklegal.com

**Matthew A. Green, Esq.**
COLE, SCOTT & KISSANE, P.A.
110 Tower, 110 S.E. 6 Street, Suite 2700
Fort Lauderdale, Florida 33301
Matthew.green@csklegal.com
*Counsel for ChartSwap, LLC*

By: */s/ Walter J. Taché*
   **Walter J. Taché, Esq.**

13